FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING

2014 APR 29  AM 11 44

STEPHAN HARRIS, CLERK
CHEYENNE

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| BTU WESTERN RESOURCES, INC.; and SCHOOL CREEK COAL RESOURCES, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>BERENERGY CORPORATION; ZAB, INC; DAVEN CORPORATION; ZALMAN RESOURCES, INC; and SPORT RESOURCES, INC.,<br><br>Defendants. | Case No. 2:13–CV–00098–ABJ |

**OPINION AND ORDER DENYING DEFENDANTS' MOTIONS TO DISMISS**

This case arises from the dispute between plaintiff federal coal lessees and defendant federal oil and gas lessees. Plaintiffs instituted this action seeking an order allowing them to mine through defendants' oil and gas wellbores. Defendants filed the instant motions to dismiss the action arguing that the United States is a required party who cannot be feasibly joined and that plaintiffs have failed to exhaust administrative remedies. For the following reasons, the Court **DENIES** defendants' motions.

### BACKGROUND

First, the Court assumes all well-pleaded factual allegations are true, as required at this

1

stage of the proceedings. *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). Plaintiffs BTU Western Resources, Inc. and School Creek Coal Resources, LLC (collectively "Plaintiffs") operate, respectively, the North Antelope Rochelle Mine and School Creek Mine in Wyoming's Powder River Basin. [ECF No. 1 at ¶¶ 1, 2]. Both operate those mines pursuant to federal coal leases. [*Id.*]. Defendants Berenergy Corporation, ZAB, Inc., Daven Corporation, Zalman Resources, Inc., and Sport Resources, Inc. (collectively "Defendants") all own working interests in Federal Oil and Gas Lease WYW-4315 and the wells that are located on that lease. [*Id.* at ¶¶ 3-7].

The conflict of this case arises because Plaintiffs' surface mining activity will shortly intersect the wellbore of Defendants' oil and gas wells. [*Id.* at ¶¶ 15, 16, 27, 28]. Accordingly, Plaintiffs filed their Complaint asking this Court to determine the relative rights of the parties under the federal coal and oil and gas leases at issue. [*Id.* at ¶¶ 37, 39, 40].

Defendants filed motions to dismiss the Complaint arguing that the United States is a required party who cannot be feasibly joined (an "indispensable party") and that Plaintiffs' claim is not ripe for adjudication because they have failed to exhaust their administrative remedies. [ECF Nos. 16, 22, 17]. Plaintiffs responded by arguing that the United States is not an indispensable party and that there are no prescribed administrative remedies that they must exhaust before bringing their claim to court. The Court will begin by analyzing Defendants' indispensable party argument and will then proceed to their administrative exhaustion argument.

## DISCUSSION

I.   **Defendants' Motions to Dismiss for Failure to Join an Indispensable Party**

Defendants argue that this case should be dismissed because Plaintiffs have failed to join the United States as a party. Fed. R. Civ. P 12(b)(7) allows for the dismissal of a case if a party fails to join an indispensable party under Fed. R. Civ. P. 19. In order for the Court to dismiss a

case pursuant to Rule 12(b)(7), the Court must find that (1) the United States is a "required party" under Rule 19(a), (2) joinder of the United States is not feasible under Rule 19(b), and (3) dismissal is appropriate. Fed. R. Civ. P. 19; *Davis ex rel. Davis v. United States*, 343 F.3d 1282, 1288-1289 (10th Cir. 2003). Defendants bear the burden of showing that the United States is a required and indispensable party. *Citizen Band Potawatomi Indian Tribe of Oklahoma v. Collier*, 17 F.3d 1292, 1293 (10th Cir. 1994).

> To determine whether the United States is a "required party," the Court must consider:
>
> (1) whether complete relief would be available to the parties already in the suit, (2) whether the absent party has an interest related to the suit which as a practical matter would be impaired, and (3) whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations.

*Rishell v. Jane Phillips Episcopal Mem'l Med. Ctr.*, 94 F.3d 1407, 1411 (10th Cir. 1996).

First, the Court must consider whether complete relief is available to the current parties. In the instant case, Plaintiffs seek declaratory and injunctive relief. They ask this Court to declare that: (1) their and Defendants' mineral interests are governed by the Accommodation Doctrine, (2) they may mine through the area of the current wellbores, and (3) the wells must be plugged below the coal seam. Plaintiffs further ask this Court to enjoin the Defendants from further interference with Plaintiffs' coal mining operations. Thus, Plaintiffs do not seek any form of relief against the United States, and the Court, in equity, will be able to offer complete relief to all parties that are already in the suit. *See Utilities Production Corp. v. Carter Oil Co.*, 72 F.2d 655 (10th Cir. 1934) (Circuit court affirmed a district court decree which resolved a dispute between a gas lessee and an oil lessee in which the sovereign lessor, the Osage Tribe, was not a party); *cf. Texas Co. v. Wall*, 107 F.2d 45 (7th Cir. 1939) ("when a plaintiff-lessee is seeking merely to enjoin a defendant-lessee from interfering with the plaintiff's leasehold

interest, and no relief is sought either for or against the plaintiff's lessor, the decree of the trial court ordinarily can be so framed as not to affect the rights of the plaintiff's lessor.").

Defendants argue the general rule that all parties to a contract must be joined as parties. *See Ward v. Deavers*, 203 F.2d 72, 75 (D.C. Cir. 1953). However, the several authorities Defendants cite for this proposition are various actions which sought to rescind or cancel leases or clear title to mineral or other interests. *See* ECF No. 17 at 9. Cancelling a lease, and thus preventing the lessee from performing under it as expected by the lessor, is quite different than determining the relative rights of parties under separate mineral leases. Defendants' argument thus fails the first factor for determining whether a party is required under Rule 19(a).

The second factor the Court must consider is whether the United States "has an interest related to the suit which as a practical matter would be impaired." *Id.* The primary interest the United States seems to have in the instant dispute is its interest in receiving royalty payments under the Coal Leases and the Oil Leases. To support their argument, Defendants cite to several cases which support the proposition that mineral lessors and royalty interest owners should be joined in actions which seek to cancel mineral leases, but Defendants do not sufficiently demonstrate how the United States' interest will be harmed by the Court determining the relative rights of the parties before it. Courts have been determining the rights of mineral lessors relative to other owners or users, without the United States as a party, since *Kinney-Coastal Oil Co. v. Kieffer*, 277 U.S. 488 (1928).

Furthermore, the United States has previously taken the stance that it does not want to be entangled in disputes between mineral lessees. In 1999, a federal coal lessee, Jacobs Ranch Coal Company, appeared before this Court and initiated a similar case against a federal oil and gas lessee, M & K Oil Company, Inc. *See* Case No. 99-CV-00118-ABJ (D. Wyo.). In that case, the

plaintiff coal lessee joined the United States as a defendant, and the United States moved for its dismissal as a party. [99-CV-00118-ABJ at ECF No. 13]. This Court granted the United States' dismissal, and the action continued between solely the mineral lessees. [99-CV-00118-ABJ at ECF Nos. 33, 42]. At this stage of the proceedings, the Court does not see why this case should be treated differently. The United States evidently agrees because it has specifically stated that it is "not in the public interest for the U.S. to intervene in the" instant case. [ECF No. 47-1 at 1].

The Defendants also argue that the United States has an interest in adjudicating the dispute between Plaintiffs and Defendants. [ECF No. 17 at 5-7]. This assertion, as will be explored further in Section II below, is contrary to judicial precedent and multiple administrative decisions issued by the IBLA. Thus, Defendants' motion also fails on this point.

The third factor the Court must consider is "whether a party already in the suit would be subjected to a substantial risk of multiple or inconsistent obligations." *Rishell*, 94 F.3d at 1411. Defendants argue that they may be subject to inconsistent obligations "in future disputes involving *other* mineral leases" held by these parties. [ECF No. 25 at 3 (emphasis added)]. However, potential future disputes involving other mineral leases are not "the subject of [this] action." Fed. R. Civ. P. 19(a)(1)(B). Defendants' motions fail the third factor. Thus, Defendants have failed to demonstrate that the United States is a "required party" under Fed. R. Civ. P. 19(a) and that this action should be dismissed pursuant to Fed. R. Civ. P. 12(b)(7). Their motions, ECF Nos. 16 and 22, are, therefore, **DENIED** as to that basis.

II. **Defendants' Motions to Dismiss for Failure to Exhaust Administrative Remedies**

Defendants also argue that Plaintiffs' Complaint should be dismissed because Plaintiffs have not exhausted their administrative remedies and that this case is therefore not ripe for

adjudication. Plaintiffs argue that there is no prescribed administrative remedy that they must exhaust and that this case is ripe for adjudication.

It is a "long-settled rule of judicial administration that no one is entitled to judicial relief for a supposed or threatened injury until the prescribed administrative remedy has been exhausted." *Myers v. Bethlehem Shipbuilding Corp.*, 303 U.S. 41, 50-51 (1938); *see Woodford v. Ngo*, 548 U.S. 81, 88-89 (2006). Thus, "[a] party must exhaust administrative remedies when a statute or agency rule dictates that exhaustion is required." *Coosewoon v. Meridian Oil Co.*, 25 F.3d 920, 924 (10th Cir. 1994). However, the exhaustion doctrine is inapplicable when there is no "administrative forum available to plaintiffs at the time of suit." *Park County Res. Council, Inc. v. United States Dep't of Agriculture*, 817 F.2d 609, 617 (10th Cir. 1987), overruled on other grounds by *Village of Los Ranchos de Albuquerque v. Marsh*, 956 F.2d 970 (10th Cir. 1992).

In the instant case, Defendants point to regulations that grant the Bureau of Land Management ("BLM") "the general responsibility to administer [the Mineral Leasing Act] with respect to coal mining, production, and resource recovery and protection operations on Federal coal leases and licenses, and to supervise exploration operations for Federal coal." 43 C.F.C. § 3480.0-6(b). They also point to regulations which define "authorized officer" and grant that individual the authority to modify coal lease provisions. 43 C.F.R. §§ 3400.0-5(b), 3475.1. However, Defendants do not cite to any statutes or regulations which "dictate that exhaustion is required" in this sort of dispute. *See Coosewoon*, 25 F.3d at 924.

Instead, the Department of Interior and the BLM specifically refuse to adjudicate private disputes between rival mineral claimants. *W.W. Allstead*, 58 IBLA 46, 48 (1981) ("the Department is without authority to determine the question of right of possession to claims as between, rival [mineral] claimants, and . . . a suit filed in a court of competent jurisdiction is the

proper method of resolving such disputes."); *see also Sandra Memmott (On Reconsideration)*, 93 IBLA 113, 115 (1986) ("the stated policy of the BLM [is] that it 'will not become the forum for the resolution of private party disputes between rival claimants.'"). The BLM may "assist in facilitating agreements between" disputing mineral lessees, but Defendants have failed to identify a *prescribed* administrative remedy that must be exhausted before a party may bring their claim to court. [ECF No. 47-2 at 1; *see* 99-CV-00118-ABJ, ECF No. 33 at 14].

Because there is no prescribed administrative remedy to exhaust, the Court finds that this action is properly before it and ripe for adjudication. Thus, Defendants' argument that Plaintiffs' Complaint must be dismissed because they have failed to exhaust administrative remedies fails. Defendants' motions, ECF No. 16 and 22, are therefore **DENIED** as to that basis.

## CONCLUSION

For the foregoing reasons, the Court concludes that Defendants have not proven that the United States is an indispensable party nor have they established that Plaintiffs had a prescribed administrative remedy to exhaust before seeking relief in this Court. Defendants' motions to dismiss Plaintiffs' Complaint, ECF Nos. 16 and 22, are, therefore, **DENIED** on both grounds. Accordingly, Defendants are ORDERED to serve their Answer within 21 days from the entry of this order. The Court will also enter a separate order requiring a new Joint Report and setting an Initial Pretrial Conference.

Dated this 29th day of April, 2014.

Alan B. Johnson
United States District Judge